**Hoe Jin SOON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 00 CIV. 2695(LAK).**
**No. 99 CRIM. 1152(LAK).**

United States District Court, S.D. New York.

April 18, 2000.

Hoe Jin Soon, Petitioner pro se.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, correct or modify his sentence. The matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, which obliges the Court to make a preliminary examination of the motion and make an order for its summary dismissal "[i]f it

plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the district court" "that the movant is not entitled to relief."

## Facts

Petitioner was convicted in the United States District Court for the Northern District of California of a substantive violation of the Lacey Act [1] in connection with the importation and sale of Asian Arowana fish and sentenced in March 1999 to a term of imprisonment of 6 months. While he was serving that sentence, he was charged in this district with conspiracy to violate the Lacey Act in violation of 18 U.S.C. § 371 and another substantive Lacey Act offense. In due course, petitioner pleaded guilty to both charges. The plea was entered pursuant to a plea agreement that contained sentencing stipulations and a stipulated guideline range. The agreement provided also that petitioner would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the stipulated Sentencing range" and that the appellate waiver would be binding "even if the Court employs a Guidelines analysis different from that stipulated to herein."

Petitioner was sentenced on December 1, 1999. The Court had before it the presentence report ("PSR") prepared earlier in the year in the Northern District of California. As petitioner had been incarcerated on that conviction or pending trial here from the date of that sentencing to the date of sentencing in this Court, the Court without objection found that the information in the record, which included the PSR and the sentencing stipulations in petitioner's plea agreement, was sufficient to enable it to exercise its sentencing authority meaningfully without the preparation of a new presentence report.[2] It then sentenced petitioner to a term of imprisonment of 10 months, 1 year of supervised release, and a special assessment of $200—

a sentence within the stipulated guideline range.

Petitioner does not challenge his guilty plea or conviction. He now moves, however, pursuant to 28 U.S.C. § 2255, to vacate, correct or amend his sentence, purportedly on the ground of ineffective assistance of counsel. He claims that the California conviction was for conduct within the scope of the conspiracy charged in this Court and that his counsel here therefore was ineffective by (1) failing to "[a]ttempt[ ] to consolidate the total harm done to the United States via analysis of USSG §§ 1B1.3; 5G1.3(b), for the obvious and clear commonality of the offense conduct," and (2) as nearly as the Court can understand petitioner, not permitting petitioner to receive a new presentence report that, he supposes, would have allowed the Court to give him a single consolidated sentence on both the California conviction and the convictions in this Court, thus permitting petitioner to receive good time if the combined sentence exceeded one year.

This case is controlled by *United States v. Djelevic.*[3] The defendant in that case pleaded guilty pursuant to a plea agreement identical in all material respects to this one and was sentenced to a term within the stipulated guideline range. He nevertheless appealed from his judgment of conviction on the ground that his attorney allegedly had rendered ineffective assistance of counsel at sentencing by failed to seek enforcement of a provision of the plea agreement in which the government agreed that it would not seek to use multiple grouping analysis to calculate the guideline range. He argued also that the sentencing court erred in holding that only 18 months of his incarceration would run concurrently with a state sentence.

The Court of Appeals rejected these arguments. It began by noting that the defendant did not contend that his waiver

---

1.   16 U.S.C. §§ 3372(a)(1), 3373(d)(1).

2.   *See* FED. R. CRIM. P. 32(b)(1).

3.   161 F.3d 104 (2d Cir.1998).

of appeal was unknowing or involuntary or that he had received ineffective assistance of counsel in entering into the plea agreement. It then went on to write:

> "[D]espite his effort to dress up his claim as a violation of the Sixth Amendment, [defendant] in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government. Instead of claiming directly that the district court should have reduced his guidelines range two levels because the grouping rules of § 3D1.4 should not be applied, or that he should have received only a two-level and not a three-level enhancement for his role in the offense, [he] claims that his attorney was ineffective for failing to make these precise arguments at sentencing. He does so, despite the fact that the waiver provision specifically instructed that there would be no appeal 'even if the Court employs a Guidelines analysis different from that stipulated to herein.' If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless. This we decline to do." [4]

█ Precisely the same reasoning applies to petitioner's attempt to circumvent his agreement not to challenge any sentence within the guideline range under Section 2255. Petitioner knowingly and voluntarily agreed to plead guilty and to waive his right to appeal any sentence of 16 months or less. He does not contend that he received ineffective assistance of counsel in deciding to plead guilty or enter into the plea agreement. Indeed, he does not challenge his conviction. His contention regarding a new presentence report is baseless in view of his waiver and on the merits.[5] Having obtained the benefit of that plea agreement, he will not now be heard to seek to avoid its burdens.

Even if the Court were to reach the merits of petitioner's application, the result would be the same. The essence of his position appears to be that he should have received only a single sentence because the three offenses of which he was convicted, one in California and two here, involved a single wrongful course of conduct and that either he should have been charged with only one crime or that he at least should have received only one consolidated sentence under the Sentencing Guidelines.

█ The argument in substance is one of double jeopardy, but it does not avail petitioner. Conspiracy is a crime distinct from the substantive offenses, the commission of which may be among its objects,[6] so the California conviction posed no double jeopardy obstacle to the conspiracy count here. Further, the substantive offenses charged here and in California, although charged under the same statute, involved different conduct, as was clear on the face of the charging instruments.[7] In consequence, petitioner's plea of guilty to

---

4. *Id.* at 107.

5. Nor is there any basis to petitioner's supposition that a new presentence report could have led to his having received a single consolidated sentence on the California and New York convictions. The offenses charged, as shown above, were different.

6. *E.g., United States v. Feola,* 420 U.S. 671, 694, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975); *United States v. Pinckney,* 85 F.3d 4, 8 (2d Cir.1996).

7. Count 2 of the information to which petitioner here pleaded guilty charged him with unlawful importation and sale of Asian Arowana fish in the Southern District of New York and elsewhere from in or about 1997 up to and including in or about February 1999. Inf. ¶ 4. The California indictment charged petitioner with illegally importing Asian Arowana fish into Los Angeles County on March 2, 1999. *See* docket item no. 13, ¶ 2.

Count 2 of this information waived any double jeopardy objection to that count irrespective of the plea agreement provision waiving the right to appeal or otherwise challenge any sentence within the stipulated guideline range.[8] Finally, even assuming that the California conviction of a substantive Lacey Act violation barred the substantive count in this information, and assuming further that this is a matter that may be raised here notwithstanding petitioner's guilty plea,[9] petitioner's sentencing guideline computation and sentence in this case would have been identical.[10] He therefore was not prejudiced by the inclusion of the substantive count.

For the foregoing reasons, the application to vacate, correct or modify the sentence is denied and the case closed. The Court declines to issue a certificate of appealability and certifies that any appeal herefrom would not be taken in good faith.

SO ORDERED.

---

**8.** *United States v. Broce,* 488 U.S. 563, 570–71, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (guilty plea precludes collateral attack on double jeopardy grounds where two conspiracy indictments charged conspiracies starting at different times and embracing separate objectives notwithstanding defendants' claim that only one conspiracy existed).

**9.** This is a distinct question from whether the waiver in the plea agreement forecloses the issue.

**10.** The plea agreement stipulated that Counts 1 and 2 were grouped pursuant to U.S.S.G. §§ 3D1.2(d) and 3D1.3(a) and thus applied the highest of the offense levels for the counts included in the group. (In fact, it appears that the reference to Section 3D1.2(d) was an error and that the proper reference was Section 3D1.2(b), but this point is immaterial in view of the correct reference to Section 3D1.3(a).) As the grouped counts were a conspiracy and a completed substantive offense, the commission of which was an object of the conspiracy, the offense levels for both counts were identical. *See* U.S.S.G. § 2X1.1(b)(2). Hence, petitioner's guideline computation would have been the same irrespective of the presence of the substantive count.